UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:05-CR-4-1-F3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DANIEL WATLINGTON ) | |
| Defendant. ) | |

By order of January 26, 2010 [DE-489], the undersigned ordered that Daniel Watlington's ("Watlington") Motion to Vacate, Set Aside or Correct his Conviction and Sentence pursuant to 28 U.S.C. § 2255 [DE-487], be held in abeyance pending the Fourth Circuit Court of Appeals' decision on Watlington's appeal of the order [DE-471] denying Watlington's Motion to Disqualify Judge [DE-470].[1] The Court of Appeals affirmed that order by unpublished opinion, *United States v. Watlington*, No. 08-8139 (June 7, 2010) [DE-539], noting that Watlington's disqualification motion had been filed prematurely.

Presently before the court is Watlington's June 17, 2010, motion [DE-545] seeking to lift the order abating the § 2255 motion in light of the Fourth Circuit's opinion [DE-539], and renewing his request that the undersigned recuse from considering that § 2255 motion. In support of the latter request, Watlington levels several preposterous allegations against the undersigned.[2]

---

[1] Watlington had moved this court to recuse from presiding over his § 2255 motion which had not, at the time, been filed.

[2] For example, Watlington alleges in paragraph 7 of his motion, " 'Sir' you are listed in the Guinness book of world records bragging and bolstering [sic] about giving out the most prison time, more particularly African Americans according to Cannon Law Judges are not suppose [sic] to seek publicity."

Although Watlington's appeal of the November 2, 2009, order [DE-471] denying his motion to disqualify has been decided, before he filed the instant motion renewing the motion to disqualify and to lift the stay on the § 2255 motion, Watlington filed a notice of appeal [DE-541]on June 7, 2010, of this court's order of June 1, 2010 [DE-537]. The June 1st order had denied a number of Watlington's then-pending motions related to the Government's attempt to collect on its Judgment of restitution against Watlington; it does not concern Watlington's attempts to prevent the undersigned from hearing his § 2255 motion. That appeal currently is pending in the Fourth Circuit Court of Appeals.

Because the pending appeal does not concern the subject matter of the motion [DE-545] now before the court – to disqualify the judge and to remove the § 2255 motion from its "in abeyance" status – the appeal does not divest this court of jurisdiction to consider it.

> An effective notice of appeal divests a district court of jurisdiction to tamper with the judgment, but it does not divest the court of jurisdiction to enforce a judgment. *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588-89 (6th Cir. 1987) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment."); *cf. Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 378-79 (1985) (holding that pending appeal of criminal contempt order did not divest court of jurisdiction to enter order on dismissal of claim). Thus, a court can enforce a judgment but, while the appeal is pending, it can take no action that expands the judgment or otherwise alters it. *Cincinnati Bronze*, 829 F.2d at 588-89.

*Greater Potater Harborplace, Inc. v. Jenkins*, No. 90-1462, 1991 WL 89830, slip op. at *3 (4th Cir. May 31, 1991)

Watlington's renewed Motion for Disqualification of Judge [DE-545] is DENIED. Watlington's motion to release his § 2255 motion from the order holding it in abeyance [DE-545] is ALLOWED. The Clerk of Court is DIRECTED to return Watlington's § 2255 motion to

active status. The Government is DIRECTED to file its Answer, or otherwise respond to the § 2255 motion [DE-487] on or before September 10, 2010.

SO ORDERED.

This, the 12th day of July, 2010.

JAMES C. FOX
Senior United States District Judge