UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:05-CR-4-1-F3

UNITED STATES OF AMERICA )
)
v. ) **O R D E R**
)
DANIEL WATLINGTON )
     Defendant. )

Daniel Watlington was sentenced, following a trial by jury, on March 9, 2006, to a term of 420 months. The Judgment imposing the term of imprisonment entered that day was worded, in pertinent part, as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **420 month(s)**.
>
> **CT. 1** – 60 months to run consecutive to all other counts
> **CTS. 2-10, 16 & 17** – 60 months on each count to run concurrently with each other and Cts. 11-15 & 18-32, but consecutive to Ct. 1
> **CTS. 11-15** – 360 months on each count to run concurrently with each other and Cts. 2-10, 16-17, 18-32 but consecutive to Ct. 1
> **CTS. 18-32** – 240 mos. on each count to run concurrently with each other and Cts. 2-10, 11-17 but consecutive to Ct. 1

[DE-233], p.3. Because the United States Probation Office had not completed its investigation and computation of restitution owed by Watlington and his co-defendants, imposition of the restitution portion of Watlington's sentence was rescheduled, ultimately, for October 20, 2006. *See id.*; [DE-244]; [DE-271]; [DE-302]; [DE-305]; [DE-313]; and [DE-416].

     In the interim, in April 2006, a Legal Instruments Examiner at the Bureau of Prisons in Grand Prairie, Texas, contacted chambers concerning the wording of the March

2006, Judgment. Specifically, the Bureau of Prisons was concerned that, as worded, the sentence had no "beginning" point or "base" sentence. The discussion was one of semantics only; there was no substantive confusion about Watlington's sentence.

Communication among the Bureau of Prisons, the Deputy Criminal Clerk of this court, and this court's staff concluded that the simplest remedy would be simply to remove the words, "to run consecutive" in reference to Count One. The result of that redaction would reflect the court's intention that Counts Two through Thirty-Two run concurrently with each other but *consecutively* to Count One, resulting in a 420-month total sentence.

Watlington's case came back before the court on October 20, 2006, for entry of the restitution order. The transcript of that hearing reflects the court's correction of the original Judgment's wording of the sentence of imprisonment imposed. After the court completed the restitution order, the following occurred:

> [THE COURT:] Just a moment.
>
> (Pause.)
>
> THE COURT: The Judgment in this case is clarified so as to delete
>
> the wording consecutive to all other counts in the sentence in
>
> Count One. So that Count One reads Count One is 60 Months."

Transcript of Restitution Hearing [DE-557] p.11. The Amended Judgment signed and entered on October 20, 2006, reads in pertinent part:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **420 month(s)**.
>
> CT. 1 – 60 mos.
> CTS. 2-10, 16 & 17 – 60 mos.
> CTS. 11-15 – 360 mos.
> CTS. 18-32 – 240 mos.

2

> The sentences imposed on CTS. 2 thru 32 shall run concurrently
> with each other and consecutively to the sentence imposed on
> Ct. 1.

[DE-316], p. 3. Several days later, on October 24, 2006, an order was entered correcting an arithmetical error in the total restitution amount. That order concluded, "Except as herein amended, the judgment entered on October 20, 2006, remains in full force and effect." [DE-314].

Watlington's interpretation of the court's correction in the wording of his sentence simply is incorrect. The Amended Judgment of October 20, 2006, states the 60-month sentence on Count One as the base sentence (or beginning point); the sentences in all the other counts specifically were ordered to run concurrently with each other and *consecutively to* the 60-month sentence imposed in Count 1. **The corrected sentence in no way alters, changes, or shortens the 420-month sentence initially imposed on March 3, 2006.**

Watlington's "Nun-Pro-Tunc Order" motion [DE-556] is DENIED.

SO ORDERED.

This, the 9th day of November, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3