IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-4-BO-1

| | | |
|---|---|---|
| DANIEL WATLINGTON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

This cause comes before the Court on petitioner's motion [DE 634]. The government has responded, and the matter is ripe for ruling. For the following reasons, petitioner's motion is denied.

On December 8, 2005, following a jury trial, petitioner was convicted of conspiracy to commit wire fraud, bank fraud, and perjury, eleven counts of wire fraud, five counts of bank fraud, one count of conspiracy to commit money laundering and fourteen counts of money laundering. He was sentenced on March 9, 2006 to 420 months in prison and 5 years of supervised release. After a hearing on the question, the Court ordered petitioner to pay $3,921,809.51 in restitution to his victims. Petitioner's sentence was affirmed by the Fourth Circuit on July 23, 2008.

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on January 20, 2010. The Court dismissed that motion, and the Fourth Circuit affirmed the dismissal. Petitioner then filed a motion asking the court to amend his presentence report and reduce his sentence based on the restitution amount. [DE 606]. The Court construed that motion as a motion filed pursuant to § 2255, because it sought the relief that would be obtained through a successful § 2255 motion. The Court then denied that motion, as the Court lacks jurisdiction to

hear a second or successive § 2255 motion absent authorization from the Court of Appeals. [DE 613]; *United State v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Petitioner filed another § 2255 motion seeking, again, an amended presentence report and a reduction based on the restitution amount. That motion was also denied based on the Court's lack of jurisdiction [DE 616]. The Fourth Circuit did not authorize petitioner to file another § 2255 motion. [DE 622]. Petitioner filed another motion again seeking the same relief. [DE 623]. This was, again, denied. [DE 624].

The instant motion is styled as brought under Federal Rule of Criminal Procedure 35(a). [DE 634]. But it again seeks the same relief he has previously sought before this Court—that his presentence report be amended, and his sentence be lowered due to the restitution amount. The Court's authority to modify a sentence is limited. *See* 18 U.S.C. 3582(c)(1). As petitioner knows by now, the relief he seeks is that which would be obtained by a successful § 2255 motion. But this Court lacks jurisdiction to hear second or successive § 225 motions without authorization from the Fourth Circuit. Petitioner has not been granted that authorization. Petitioner's motion [DE 634] is denied for lack of jurisdiction.

SO ORDERED, this __22__ day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE